UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE ISMAEL RUBIO-ALVAREZ,<br>Defendant. | Case No. 5:17-cr-00380-EJD-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br><br>Re: Dkt. No. 29 |

Presently before the Court is Defendant Jose Ismael Rubio-Alvarez's Motion to Dismiss Indictment. He is charged with being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. Dkt. 6. The parties fully briefed the Motion, and then the Ninth Circuit issued its opinion in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). With leave from the Court, both parties filed supplemental briefs addressing *Karingithi*. Having considered the papers filed by the parties and heard oral argument, the Court now denies the Motion.

On April 10, 2012, Mr. Rubio-Alvarez was convicted in the Superior Court of Arizona of attempting to transport marijuana for sale, a felony. Dkt. 1 at 2. During his incarceration, he was served with a notice to appear at a removal hearing. Ex. A at 1. The notice to appear did not include a specific time or date for his removal hearing. *Id.* About a year after his conviction, he was served with a notice of hearing that set the date and time of his hearing for May 30, 2013 at 9:00 a.m. at the prison where he was incarcerated. Ex. B. He appeared before the Immigration Court in person; afterwards the Immigration Judge ordered him removed. Mot. 1-2 & Ex. D. He was removed to Mexico after completing his sentence in January 2014. Ex. D. On June 10, 2017, he was found in the United States in Santa Clara County. Dkt. 1.

Case No.: 5:17-cr-00380-EJD-1
ORDER DENYING MOTION TO DISMISS INDICTMENT

1

Mr. Rubio-Alvarez's Motion turns on the Supreme Court's holding in *Pereira v. Sessions*. 138 S. Ct. 2105 (2018). There, the Supreme Court held that "[a] notice [to appear] that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule." *Id.* at 2110.[1] Mr. Rubio-Alvarez reads *Pereira* as having a broad application: "[A]n immigration court lacks authority to commence proceedings, or to issue an order of removal, absent service of a 'notice to appear' that specifies the time and place of the proceedings. . . . *Pereira*'s holding is jurisdictional in this respect." Mot. at 4. He argues that because his notice to appear lacked a time and date, it was deficient and the Immigration Court that ordered him removed lacked the jurisdiction to do so. Thus, his indictment should be dismissed because either he was never actually "removed" as a matter of law, or the underlying removal order was fundamentally unfair causing him prejudice.

But, in *Karingithi* the Ninth Circuit appears to have closed off this argument. The Ninth Circuit held that Immigration Courts have jurisdiction over removal proceedings even if the notice to appear lacked the date and time of the proceeding, and that *Pereira* applied only to the stop-time rule. 913 F.3d at 1159.

In his supplemental brief, Mr. Rubio-Alvarez argues that *Karingithi* is not binding precedent on this Court because it did not address certain arguments. He cites *Sakamoto v. Duty Free Shoppers*, Ltd., 764 F.2d 1285, 1286 (9th Cir. 1985), *Morales-Garcia v. Holder*, 567 F.3d 1058, 1060 (9th Cir. 2009), and *Quechan Indian Tribe v. United States*, 535 F. Supp. 2d 1072, 1102 (S.D. Cal. 2008) in support of his position that because *Karingithi* did not discuss those arguments, this Court may consider them and issue a ruling contrary to *Karingithi* on their basis.

But none of those cases are analogous here. Those cases considered circumstances where previous circuit courts had not considered specific issues of law and fact—not where subsequent litigants challenged the same issue with a different argument. In *Sakamoto*, the Ninth Circuit noted that previously it had "simply assumed" that the Commerce Clause applied to Guam, and

---

[1] The stop-time rule concerns a statutory provision not relevant to Mr. Rubio-Alvarez.

Case No.: 5:17-cr-00380-EJD-1
ORDER DENYING MOTION TO DISMISS INDICTMENT
2

never actually considered the question. 764 F.2d at 1288. In *Morales-Garcia*, the Ninth Circuit distinguished a previous decision that held that spousal abuse was a crime involving moral turpitude from the issue there—whether abuse of a co-habitant was a crime involving moral turpitude. 567 F.3d at 1064. And in *Quechan Indian Tribe*, the district court noted that the Ninth Circuit had previously applied state law to torts that took place in reservations "without discussion." 535 F. Supp. 2d at 1102.

The very first sentence of the *Karingithi* decision states: "We consider whether the Immigration Court has jurisdiction over removal proceedings when the initial notice to appear does not specify the time and date of the proceedings, but later notices of hearing include that information." 913 F.3d at 1158. The issue of law and fact before this Court was explicitly discussed and decided by the Ninth Circuit in *Karingithi*, so the cases cited by Mr. Rubio-Alvarez do not apply here. *Karingithi* binds the Court on this issue. *See Payton v. Davis*, 906 F.3d 812, 822 n.16 (9th Cir. 2018).

Applying *Karingithi* to the instant facts, the Court finds that the notice to appear issued to Mr. Rubio-Alvarez properly vested the Immigration Court with jurisdiction to order his removal. Accordingly, his Motion to Dismiss Indictment is DENIED. The Court also DENIES Mr. Rubio-Alvarez's request for a stay pending a potential *en banc* rehearing of *Karingithi*. A further status conference is set for Monday, May 6, 2019 at 1:30 p.m. Time is excluded until then.

**IT IS SO ORDERED.**

Dated: March 29, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cr-00380-EJD-1
ORDER DENYING MOTION TO DISMISS INDICTMENT
3